of section 5086 of the Revised Statutes are ample to allow creditors to obtain an examination of the bankrupts.

[The Case of Mrs. Ferrero (unreported) is governed by the decision of this court in Re Rosenberg [Case No. 12,054]. Her suit is really to recover the money she paid to the bankrupts on purchasing a bill of exchange, and is a provable debt, although it will not be dischargeable if it shall be shown to have been created by fraud. Such a suit and all proceedings. in it are to be stayed, on the application of the bankrupts, until the question of their discharge is determined.][2]

I have intended to cover all the questions raised in the voluminous papers and exhaustive briefs in this case and have considered them all, even though I may have failed to discuss some of them as fully as others. It results that all the applications must be denied, except that of the petitioning creditors, to continue in force, on their behalf, as against the persons heretofore enjoined on the application of the bankrupts, the injunctions so granted, and to restrain such persons from interfering with any property of the bankrupts, or any property which, by operation of law, will pass to their assignee in bankruptcy when appointed.

## Case No. 4,132.

In re DUNCAN et al.

[8 Ben. 541.][1]

District Court, S. D. New York. Nov. Term, 1876.

---

[2] [From 14 N. B. R. 18.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. I concur with the register in his conclusions and in the reasons he assigns therefor.

## Case No. 4,133.

In re DUNCAN et al.

[18 N. B. R. 42.] [1]

District Court, S. D. New York. June 8, 1878.

[For previous proceedings in the case, see Cases Nos. 4,131 and 4,132.]

F. N. Bangs, for bankrupts.

Field & Deyo and Howard Payson Wilde, for opposing creditors.

CHOATE, District Judge. Certain creditors having filed specification in opposition to a discharge, the bankrupts excepted, and upon the hearing of the exceptions the first and second specifications were held to be indefinite and vague in a certain particular, and leave was given to amend in this particular. The opposing creditors having filed amended specification containing more definite allegations in the parts thus directed to be amended, and differing from the original specifications only in those parts, the bankrupts have filed exceptions to the amended specifications, renewing some of the objections contained in their former exceptions, and containing some further objections, the objections now made relating to other parts of the specifications.

The amendments are in accordance with the order of the court. As to all the other objections raised by the exceptions, I think that they must be considered as already passed upon by the court, or as made too late. All objections to specifications should be raised by the exceptions first filed. So far as the exceptions now taken are the same as were taken before, the case was heard, and the order, having sustained the exceptions in certain respects, must be deemed to have disallowed them in all other respects. They cannot now be renewed. If the amendment allowed is in effect the making of a specification, substantially different from the former, the right to except thereto of course exists. But that is not this case. If this practice were not adhered to there would be no end of dilatory proceedings, and it works no practical injustice. The exceptions to the third specification were taken before, and must, therefore, be overruled.

Exceptions overruled. Case to stand for argument on the specifications, either party to have leave to take further testimony before the register upon notice.

## Case No. 4,134.

DUNCAN v. DUNN.

[S Reporter, 299; 9 Cent. Law J. 151; 7 Wkly. Notes Cas. 246.] [1]

Circuit Court, E. D. Pennsylvania. April 29, 1879.

[1] [Reprinted from the Reporter and Central Law Journal by permission. The syllabus and opinion are from the Reporter, and the statement from the Central Law Journal.]

[1] [Reprinted by permission.]